UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CYNTHIA WELFARE
  Plaintiff,

VS.

PETER O'MEARA, COMMISSIONER
DEPARTMENT OF MENTAL
RETARDATION
  Defendant

Civil No. 3:02CV2101(AVC)

FILED 2004 FEB 19 P 2:14
U.S. DISTRICT COURT
HARTFORD, CT.

## MEMORANDUM OF DECISION
## REGARDING THE DEFENDANT'S MOTION TO DISMISS

This is an action for damages and declaratory, injunctive, or other relief arising out of an alleged denial of procedural due process to an employee of the Connecticut Department of Mental Retardation. It is brought pursuant to 42 U.S.C. § 1983.

The defendant has filed the within motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that a cause of action has not been stated.

The issues presented are: 1) whether the allegations set forth in the complaint adequately demonstrate a due process violation; and 2) whether the defendant can be sued for monetary damages in his official capacity as the Commissioner of the Department of Mental Retardation.

For the reasons that hereafter follow, the court concludes that: 1) the allegations in the complaint are adequate to demonstrate a due process violation; and 2) the defendant cannot be sued for monetary damages in his official capacity as the Commissioner of the Department of Mental Retardation. Accordingly, the motion to dismiss is GRANTED in part, and DENIED in part.

**FACTS**

The complaint alleges that: Beginning in December 1998, the plaintiff, Cynthia Welfare, has been a case manager for the Department of Mental Retardation for the State of Connecticut ("DMR"). The defendant, Peter O'Meara, is the Commissioner of DMR.

On April 24, 2001, O'Meara placed Welfare on administrative leave pending a DMR registry hearing. The DMR registry is a list of individuals "who have been terminated or separated from employment as a result of substantiated abuse and neglect [of a department client]." C.G.S.A. §17a-247b(a). The DMR may not hire an individual on the registry, or retain an individual after receiving notice that he or she is on the registry. C.G.S.A. §17a-247c.

Welfare's DMR registry hearing concerned an incident occurring on or about September 1998, when she was an employee of a private agency that contracted with DMR. According to the DMR allegation, Welfare had been terminated by her earlier employer because of a substantiated allegation of neglect of a DMR client under her care. O'Meara has claimed this allegation to be false.

On May 31, 2001, O'Meara conducted a public hearing to determine whether Welfare should be placed on the DMR registry. The complaint alleges that numerous due process violations occurred at this hearing, including: closing the hearing to the public; failing to conduct the hearing in a

2

timely manner; failing to permit Welfare to inspect and copy relevant material records, papers, and documents; failing to require that the hearing officer utilize a "clear and convincing" burden of proof; and failing to consider evidence that showed the falsity of the allegation against Welfare.

On June 20, 2001, the hearing officer issued a recommended ruling that Welfare be placed on the DMR registry. On November 6, 2001, despite this outcome, O'Meara informed Welfare by letter that he would not issue a final decision on the recommended ruling. The letter also stated that Welfare could be subject to a new hearing on a future date.

On November 24, 2001, DMR permitted Welfare to return from administrative leave. The complaint alleges that O'Meara "restricted" Welfare for approximately one month after that, allowing her no contact with DMR clients or family members of DMR clients. The complaint also alleges that O'Meara informed Welfare's supervisors and co-workers of her "restricted" status. To this date, O'Meara has not afforded Welfare a name-clearing hearing nor noticed a new hearing about the matter. The complaint alleges that O'Meara's conduct has stigmatized her by portraying her as unfit to work in her chosen profession.

## STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "merely...assess[es] the legal feasibility of the complaint, [it does] not assay the

3

weight of the evidence which might be offered in support thereof." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d. Cir. 1984). When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. See Sykes v. James, 13 F.3d 515, 519 (2d. Cir. 1993). A court may dismiss a complaint at this stage only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim." Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. Conley v. Gibson, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)

## DISCUSSION

### I. Due Process Rights

O'Meara first contends that the complaint fails to state a cause of action for a violation of Welfare's right to due process because it "alleges a due process violation without alleging that she was deprived of anything." Specifically, O'Meara argues that the first count "is unconnected to any alleged deprivation of life, liberty, or property," and "[the] manner in which an administrative hearing is conducted cannot . . . in and of itself, constitute a denial of procedural due process."

Welfare responds by asserting that "a state actor may be liable for failure to comply with due process, even in

4

the absence of compensable harm."

In <u>Carey v. Piphus</u>, 435 U.S. 247, 266, 98 S.Ct. 1042, 1054 (1978), the United States Supreme Court stated: "[T]he denial of procedural due process should be actionable for nominal damages without proof of actual injury." In <u>Carey</u>, the Court held that the suspensions of a group of students could be unconstitutional, even if the suspensions themselves were justified, if the students were deprived of the right to procedural due process. In so holding, the Court noted that "the right to procedural due process . . . does not depend upon the merits of a claimant's substantive assertions . . . because of the importance to organized society that procedural due process be observed." <u>Id.</u>

The question of what process is actually due in a given instance is "generally fact specific, as `due process is flexible and calls for such procedural protections as the particular situation demands.'" <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 319 (2d Cir.2002), quoting <u>Matthews v. Eldridge</u>, 424 U.S. 319, 334 (1976). The Supreme Court advanced a balancing test in <u>Matthews</u>, weighing against one another the private interests affected by the official action, the "risk of . . . erroneous deprivation through the procedures used and the probable value . . . of additional or substitute procedural safeguards," and the government interest. <u>Matthews</u> at 335.

Applying these principles, the court concludes that the allegations in the complaint, i.e., the problems with the

hearing itself and the subsequent failure to afford Welfare an opportunity to clear her name, sufficiently allege a procedural due process violation. Because a denial of procedural due process is "actionable for nominal damages without proof of actual injury," Welfare does not need to prove "actual injury" to state a claim. Carey v. Piphus, 435 U.S. at 266. Thus, O'Meara's motion to dismiss the procedural due process claim is without merit.[1]

## II. Official Capacity of Defendant

O'Meara next argues that "state officials sued in their official capacities are not 'persons' within the meaning of 42 U.S.C. § 1983." Thus, "[to] the extent that the complaint can be construed as seeking money damages from the defendant in his official capacity . . . the complaint must be dismissed." Welfare does not respond to this argument.

In Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court stated: "[N]either a state nor its officials acting in their 'official' capacity are 'persons' under §1983." 491 U.S. at 71. In Kentucky v. Graham, 473 U.S. 159 (1985), the Court stated that: "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal

---

[1] Because the court concludes that a procedural Due Process violation is stated, it is unneccesary to address the defendant's remaining constitutional arguments.

6

court. This bar remains in effect when State officials are sued for damages in their official capacity." 473 U.S. at 169.

The motion in this respect is therefore granted.

## CONCLUSION

For the foregoing reasons, O'Meara's motion to dismiss Welfare's claims (document #13) is GRANTED in part, and DENIED in part. The motion to dismiss the procedural due process claim for failure to allege a depravation is DENIED. The motion to dismiss all claims for monetary damages against the defendant in his official capacity is GRANTED.

It is so ordered, this 19th day of February, 2004.

_____
Alfred V. Covello
United States District Judge