UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CYNTHIA WELFARE, | : | CIVIL ACTION NO. |
| | : | 3:02CV2101(AVC) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| PETER O'MEARA THE COMMISSIONER OF THE DEPARTMENT OF MENTAL RETARDATION FOR THE STATE OF CONNECTICUT, | : : : : | |
| | : | |
| Defendant. | : | MARCH 11, 2005 |
| _____ | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

## 1.   §1983 Claims - Introduction

The Fifth Amendment to the United States Constitution provides that a person may not be deprived of her life, liberty, or property by the government without due process.  A statute called Section 1983 is the law that enforces a person's right not to be deprived of life, liberty or property without due process. We say that a person is deprived of a property interest where her reasonable expectation of continued public employment is at stake because of what the government is doing to her.  We say that a person is deprived of a liberty interest where his good name, reputation, honor, or integrity is at stake because of what the government is doing to her.  I will now instruct you separately on these two claims of the Plaintiff, that the Defendant interfered with a property interest in her employment and that the Defendant deprived her of a liberty interest in her good name.

1

**2.      Plaintiff's claim for interference with a property interest**

As I told you, a claim for interference with a property interest is brought under a federal law called Section 1983.  For a public employee such as the plaintiff to bring such a claim, she must be able to show that she possessed a property interest in her continued employment, that the government or someone acting under color of law interfered with that interest, that the interference occurred without providing the plaintiff with due process, and that she suffered damages as a result of that interference.

A public employee has a property right in a job if she has an objectively reasonable expectation that, assuming satisfactory performance, she will be allowed to continue in his job.  This expectation is not something which can exist only in the mind of the employee.  It must arise from the agreements or rules governing her employment.  A public employee may have a property right not only in not being terminated from employment, but also in not being subjected to demotion, not being denied a promotional opportunity, not being disciplined, or not being placed on a forced leave of absence.  These, too, depend upon the agreements or rules governing the employee's employment.

In the case that is before you, the parties do not dispute that Ms. Welfare was and is a tenured public employee in the Connecticut Department of Mental Retardation, and that her employment was subject to the terms of a collective bargaining agreement that provided that she could only be terminated for good cause.  As a matter of law, then, I instruct you that you must find that Ms. Welfare possessed a property interest in her employment and that element of her claim has been met.

The parties also do not dispute that actions taken by the Defendant with regards to the Plaintiff's employment were actions taken under color of state law, which is only to say that Mr. O'Meara's actions were taken in his capacity as Commissioner of the Department of Mental Retardation.  I also instruct you that this element of the Plaintiff's claims has been met.

Now, the Plaintiff alleges that certain acts by the Defendant interfered with her property interest in her employment, and that she was not provided due process in connection with those acts.  Specifically, the Plaintiff alleges that she was placed on administrative leave from April 2001 through November 2001, and that when she returned she was restricted from performing her usual duties.  The Plaintiff also alleges that after she returned to her regular duties, she continued to work under the threat that she would be subjected to a second DMR Registry hearing and possibly the loss of her employment, and that this state of affairs continued until August 2003.

You must determine whether, based upon the evidence that you have heard in this matter, the Defendant's actions toward the Plaintiff interfered with her expectation of continued employment by the Department of Mental Retardation.  If you find that the Defendant's actions did not substantially interfere with the Plaintiff's expectation of continued employment, then you must find for Mr. O'Meara.  If you find that the Defendant's actions did substantially interfere, then on this element of the Plaintiff's claim you must find for her, and continue to consider the remaining elements of her claim.

Even if the government interferes with a public employee's interest in her continued employment, such interference is not necessarily unlawful.  To be

unlawful, the interference must have been carried out without providing the individual with due process.  The essence of due process is notice of the charges against you and a meaningful opportunity to be heard.  Since the Plaintiff had a property interest in her employment, she was entitled to advance notice of the reasons that the Defendant alleges he had for the actions taken against her, and a meaningful opportunity to prepare and present a response and to have that response considered.  If you find that the Defendant did not give the Plaintiff either notice or a meaningful opportunity to be heard, you must find that the Defendant violated Ms. Welfare's right to due process.

### 3. **Plaintiff's claim for deprivation of a liberty interest**

The Plaintiff's second claim against the Defendant is that the Defendant interfered with her liberty interest in her good name by causing false allegations to be made regarding the Plaintiff.

For Ms. Welfare to prevail on her claim that she was deprived of a constitutionally-protected liberty interest in violation of Section 1983, she must demonstrate 1) that she possessed such an interest in her good name; 2) that the Defendants made statements that had the effect of depriving her of that interest; 3) that the deprivation occurred without due process of law; 4) that the statements constituted state action; and 5) that the statements were false.

In considering this claim, the first element to be considered is whether the Plaintiff possessed a liberty interest in her good name. In the matter at hand, there is evidence that Cynthia Welfare had been employed as a care provider and professional in the field of mental retardation for many years and that she was regarded as competent in her field. Therefore, I instruct you as a matter of law that this element of the Plaintiff's claim – the question of whether she possessed a liberty interest in his good name – has been satisfied.

The next element to consider is whether the statements that the Defendant caused to be made were of the sort that would deprive the Plaintiff of her good name. Not every government allegation of professional incompetence implicates a liberty interest in every instance. However, allegations of professional incompetence are actionable when they impugn the employee's professional reputation in such a fashion as to effectively put a significant

5

roadblock in that employee's continued ability to practice her profession.

If you find that the statements made by the Defendant regarding the Plaintiff were of the sort that would put her professional competence in question, then you must find that the Defendant's actions were of the sort that would interfere with the Plaintiff's liberty interest.

The third element of the liberty interest claim is whether the disclosures or statements that the Defendant caused to be made about the Plaintiff were made without according her some opportunity to rebut them or to clear her name.  This is an element of a liberty interest claim because the Constitution requires that an individual be provided with due process if the state is going to take an action that interferes with her life, liberty or property.  Due process can take many forms, and an individual is not necessarily entitled to a full or formal hearing before the government can speak or act.  In this case, you must determine whether the Defendant provided the Plaintiff with a meaningful opportunity to clear her name.

As I have stated above, there is no dispute that the Defendant's actions toward the Plaintiff were made in the context of the performance of his duties as the Commissioner of the Department of Mental Retardation, and therefore I instruct you as a matter of law that those actions were taken under color of state law – that is to say, that it was, in effect, the government that was making these statements.

The final element of the Plaintiff's liberty interest claim is that she must demonstrate that the allegations against her – that she engaged in abuse or neglect of mentally retarded persons entrusted to her care – are false.  If you find that the allegations made against Ms. Welfare were true, then you must find for

the Defendant; but if you find that the allegations were false, you must enter a verdict for the Plaintiff.

**4.    Damages**

If the Plaintiff persuades you that she is entitled to recover against the Defendant, you will have to address one or more questions on the verdict form relating to damages.  You should bear in mind that the Plaintiff has the burden of proving by a preponderance of the evidence both that she was damaged and the extent of her damages.   The amount of any damages you award must be reasonably calculated to fairly compensate her for any losses or injuries she has suffered as a result of the Defendant's wrongdoing.

You should also bear in mind that the Plaintiff is not entitled to an award of damages unless she first proves by a preponderance of the evidence that the Defendant has violated her rights as she claims.  Just because I am instructing you on the subject of damages does not mean that I think you should reach the issue of damages in your deliberations, or that you should award damages, or that I have any opinion one way or the other as to whether you should or should not award damages.

You must not construe the Defendant's presentation of evidence and argument relating to damages as an acknowledgment or admission that he is liable to the Plaintiff or that she is entitled to and award of damages.  The Defendant is obliged to address the subject of damages during the trial or lose an opportunity to do so.  You should consider the issue of damages and the evidence presented on that issue only if you first determine that the Plaintiff's rights have been violated by the Defendant as alleged in her compliant.

Please note that a person cannot recover more than once for that same injury, even if she prevails on more than one claim.  Accordingly, if you award

damages to the Plaintiff on more than one claim, you must be sure that the total amount you award her does not compensate her more than once for the same injury.

**5.      Emotional Distress**

The Plaintiff contends that she is entitled to an award of damages against the Defendant for emotional distress she has suffered as a result of the Defendant's actions.  On each of the claims on which I have instructed you, if you find that the Plaintiff has proved her claim, you may award her damages for any emotional distress she has suffered as a result of the Defendant's actions.
A person injured by another's wrongful conduct is entitled to be fairly compensated for mental and emotional pain and suffering proximately caused by the wrongful conduct.  And injury is proximately caused by unlawful conduct if the conduct plays a substantial part in bringing about or actually causing the injury, and the injury is either a foreseeable result or a reasonably probable consequence of the unlawful conduct.  As far as money can compensate someone for injuries of this sort and their consequences, the compensation you award must be fair, just, and reasonable.  In determining the amount to award, you are to be guided by your own good judgment.  You should consider the nature, extent and duration of any pain and suffering you find to have been caused by the Defendant's conduct toward about Ms. Welfare, as well as any impact any such pain and suffering had on the Plaintiff's health and enjoyment of life.  Any damages you award must be fair and adequate to compensate the Plaintiff for any harm done to her as a result of the allegedly wrongful conduct, no more and no less.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,

By: _____
Peter Goselin ct16074
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
Ph: (860) 233-9821
Fax: 860-232-7818
Email: pdgoselin@lapm.org