UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CYNTHIA WELFARE, | : | CIVIL ACTION NO. |
| | : | 3:02CV2101(AVC) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| PETER O'MEARA THE COMMISSIONER OF | : | |
| THE DEPARTMENT OF MENTAL | : | |
| RETARDATION FOR THE STATE OF | : | |
| CONNECTICUT, | : | |
| Defendant | : | MARCH 11, 2005 |

_____ :


<u>JOINT COMPLIANCE WITH PRETRIAL ORDER</u>

10.    Trial to Jury

    ii.    Proposed jury instructions

      B.  Defendant's proposed jury instructions


    1.  Burden of Proof—Preponderance of Evidence


At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

The party who has the burden of proof on a particular issue has the burden of establishing his/her position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to

establish his/her position by a preponderance of the evidence, you must decide against that party on that issue.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right? In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; she must prove the fact at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. You may have heard the phrase proof beyond a reasonable doubt. This is the standard of

proof required in a criminal trial. That requirement does not apply in a civil case such as this. [/]

---

[/]   Authority: Adapted from Schwartz & Kirklin, SECTION 1983 LITIGATION JURY INSTRUCTIONS, Vol. 4 § 2.02.1(2005 ed.)

2.  Burden of Proof on Section 1983 Elements

The plaintiff has the burden of proving each element of her § 1983 claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on her claim, the plaintiff must persuade you that it is more likely than not:

1.  the conduct complained of was committed by the Commissioner of DMR acting under color of state law;

2.  the conduct deprived the plaintiff of a right protected by the federal Constitution;

3.  the Commissioner's conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

If the plaintiff fails to prove all of the elements of her claim, then you must decide against the plaintiff. [/]

---

[/]  Authority: Adapted from Schwartz & Kirklin, SECTION 1983 LITIGATION JURY INSTRUCTIONS, Vol. 4 § 3.03.1(2005 ed.)

3.  State Employee Witnesses

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the state. The testimony of a government employee is not necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is quite legitimate for the plaintiff's counsel to try to attack the credibility of a state employee witness on the ground that his testimony may be colored by a personal or professional interest in the case. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the state employee and to give that testimony whatever weight, if any, you find that it deserves.[//]

---

[//]     Authority: Schwartz & Kirklin, SECTION 1983 LITIGATION JURY INSTRUCTIONS, Vol. 4 § 2.03.6 (2005 ed.)

4.  Judicial Notice

A court may take judicial notice of a fact when the fact is not reasonably subject to dispute because it is generally known within the geographic area in which the court sits. I have judicially noticed the Connecticut "Registry" is set out in Conn. Gen. Stat. § 17a-247a and the regulations which apply to the registry are set forth in Conn. Agencies Regs. §§ 17a-247e-1 through 17a-247e-8 (2005).  You must accept this fact as true even though you did not and will not hear any evidence on it.

_____
Attribution:  Drafted by the authors based on Fed.R.Evid. 201.  See also E. Imwinkelried, Evidentiary Foundations 392 (4th ed. 1998).

5.    Color of State Law—Issue Not In Dispute

The plaintiff must establish that the defendant acted under color of state law. Acting under color of state law simply means that the defendant was acting in his capacity as a public officer. There is no dispute that at the time of this incident the defendant was a public officer acting in an official manner carrying out his official responsibilities. Therefore, I charge you as a matter of law that defendant was acting under color of state law.[//]

---

[//]    Authority: Schwartz & Kirklin, SECTION 1983 LITIGATION JURY INSTRUCTIONS, Vol. 4 § 13.01.1(2005 ed.)

6.  Proximate Cause—General Instruction

If plaintiff proves the first two elements of his Section 1983 claim—that the defendant acted under color of state law, and that the defendant deprived her of her constitutional rights—then you must determine whether the plaintiff has proved the third element of her claim—that the conduct of the Commissioner, individually, was a proximate cause of the plaintiff's injuries.

An injury is proximately caused by the defendant's conduct whenever it appears from the evidence that (1) the conduct played a substantial role in bringing about the injury, and (2) the injury was either a direct result or a reasonably probable consequence of the defendant's conduct. Stated differently, the issue is whether a reasonable person would view the defendant's conduct as the cause of the plaintiff's injuries.

To recover damages for an injury, the plaintiff must show by a preponderance of the evidence that the conduct of the defendant was the proximate cause of her injuries.

If you find that the plaintiff complains about an injury that was not proximately caused by the defendants' conduct, you may not award the plaintiff damages for that injury.  A defendant such as the Commissioner O'Meara is not liable if the plaintiff's injury was caused by an independent source which intervenes

and which produces a result which was not reasonably foreseeable by the defendant.[//]

---

[//] Authority: Adapted from Schwartz & Kirklin, SECTION 1983 LITIGATION JURY INSTRUCTIONS, Vol. 4 § 14.01.1 (2005 ed.)

## STATE OF MIND-GENERAL

I instruct you that, to establish a claim under Section 1983, the plaintiff must show that the defendant acted intentionally.  If you find that the acts of the defendant was merely negligent or through a mistake of fact, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant.[/]

## STATE OF MIND-INTENTIONAL

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[//]

## STATE OF MIND-NEGLIGENCE

---

[/]     Authority:  Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 622, 88 L. Ed. 2d 662 1986); Davidson v. Cannon, 4743 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 677 (1986).

[//]     Authority:  Modern Federal Jury Instructions, § 87.03 Instruction 87-76.

An act is negligent if the defendant were under a duty or obligation, recognized

by law, that required him to adhere to a certain standard of conduct to protect

others against unreasonable risks, and he breached the duty or obligation. [//]

---

[//]   Authority:  <u>Modern Federal Jury Instructions</u>, § 87-03, Instruction 87-78

<u>CONSIDER DAMAGES ONLY IF NECESSARY</u>

If the plaintiff has proven by a preponderance of the credible evidence that the defendant is liable, and the defendant has failed to prove his affirmative defense, then you must determine the amount of the damages, if any, to which the plaintiff is entitled.  You should bear in mind that the plaintiff has the burden of proving both that she has suffered damages as a result of the defendant's actions, and the extent of those damages.

Before I instruct you on the issue of damages, a few words of caution are in order.  The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations.  Again, you are only to reach the issue of damages if you find by a preponderance of the credible evidence that the defendant is liable.  These instructions are for your guidance, should you reach the issue of damages.

7.   Compensatory Damages—General Principles

If you find that the plaintiff has proven any or all of her claims, then you must decide what type of damages, if any, the plaintiff should receive, and how large a payment, if any, she deserves.   The fact that I am instructing you concerning damages dopes not mean that I have any opinion as to whether the defendant

should, in fact,  be held liable or whether the plaintiff has suffered any actual; harm. You must enter separate amounts for each type of damages, if any.

In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering.  In weighing the issue of compensatory damages, you must ask yourselves two initial questions:  First, has the plaintiff proven by a preponderance of the evidence that she suffered actual harm; and second, has she proven by a preponderance of the evidence that the defendant's illegal conduct proximately caused that harm?  The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm.  Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages.

If you decide that the plaintiff has suffered specific harm due to the defendant's actions, then you must decide on the amount of money that will compensate her for this harm.  It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiff.  There is no fixed formula for you to apply.  However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, she need not prove her damages with mathematical precision, but only with the degree of accuracy permitted by circumstances.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.[/]

---

[/]  Authority:  McNamara & Southerland, FEDERAL EMPLOYMENT JURY INSTRUCTION, § 2:540 (9/01 ed.)

8.  Nominal Damages


If you return a verdict in the plaintiff's favor on her 1983 claim, but find that she failed to meet her burden of proving that she suffered any actual injuries, then you must award the plaintiff "nominal damages" not to exceed one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

//

---

*//*   Authority: Adapted from Schwartz & Kirklin, SECTION 1983 LITIGATION JURY INSTRUCTIONS, Vol. 4 § 18.03.1(2005 ed.)

9.  Mitigation of Damages

The plaintiff has a duty to take reasonable steps to mitigate her damages. To mitigate means to avoid, reduce, or minimize damages.

The defendant has the burden of proving, by a preponderance of the evidence:

1.     That the plaintiff failed to make reasonable efforts to mitigate her damages; and

2.     The amount by which damages would have been reduced if the plaintiff had made reasonable efforts to mitigate her damage.

If you find that the plaintiff failed to make reasonable efforts to lessen her damages, you should deny her recovery for the damages she could have avoided by making such reasonable efforts.[/]

---

[/]  Authority: Adapted from Schwartz & Kirklin, SECTION 1983 LITIGATION JURY INSTRUCTIONS, Vol. 4 § 18.04.3 (2005 ed.)

10.  Punitive Damages

If you have awarded the plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award the plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of Commissioner O'Meara that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.[//]

---

[//] Authority: Adapted from Schwartz & Kirklin, SECTION 1983 LITIGATION JURY INSTRUCTIONS, Vol. 4 § 18.07.1 (2005 ed.)

## 11. PERSONAL INVOLVEMENT

In order for a defendant to be liable in a § 1983 action, the plaintiff must prove that the defendant had some personal involvement in the allegedly unlawful conduct of his subordinates.  It is not enough for the plaintiff to simply allege and prove that the defendant was the supervisor or responsible for the overall operation at the Department of Mental Retardation.  Thus, to the extent you find that the plaintiff has failed to prove the personal involvement of defendant O'Meara in the alleged constitutional violation, you must find in favor of the defendant.[//]

---

[//] Authority:  Gill v. Mooney, 824 F.2d 192 (2d Cir. 1987); **Modern Jury Instruction**, § 87.03, Instructions 87-80; Meriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Williams v. Smith, 781 F.2d 319 (2d Cir. 1986); Ayers v. Coughlin, 780 F.2d 205 (2d Cir. 1985); McKinnon v. Patterson, 568 F.2d 930 (2d Cir. 1977) cert. denied, 434 U.S. 1087 (1978).

## **ADDITIONAL REQUESTS**

The parties respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference.  This request is made in an abundance of caution and on the theory that the parties can not reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

RESPECTFULLY SUBMITTED,

THE DEFENDANT:

By:    /S/ M.J. McCarthy_____
       M.J. McCarthy
       Assistant Attorney General
       Office of the Attorney Genera;
       55 Elm Street, PO Box 120
       Hartford, CT  06141-0120
       Tel:  (860) 808-5210
       Fax:  (860) 808-5385
       Email: mj.mccarthy@po.state.ct.us

CERTIFICATION

I hereby certify that a copy of the foregoing proposed Jury Instructions-For

Compliance with Pretrial Order was handed delivered in accordance with Rule

5(b) of the Federal Rules of Civil Procedure on this 11th day of March 2005:

Peter Goselin
Livingston, Adler, Pulda, Meiklejohn, & Kelly, P.C.
557 Prospect Ave.
Hartford, CT   06105

/S/ M.J. McCarthy
M.J. McCarthy
Assistant Attorney General