UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CYNTHIA WELFARE, | : CIVIL ACTION NO.
: 3:02CV2101(AVC) |
| Plaintiff, | : |
| vs. | : |
| PETER O'MEARA THE COMMISSIONER OF THE DEPARTMENT OF MENTAL RETARDATION FOR THE STATE OF CONNECTICUT, | : |
| Defendant. | : MARCH 11, 2005 |

## JOINT COMPLIANCE WITH PRETRIAL ORDER

1.  Trial Counsel

    For the Plaintiff:

    Peter Goselin
    Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
    557 Prospect Avenue
    Hartford, Connecticut 06105
    Ph: 860-233-9821
    Fax: 860-232-7818
    Email: pdgoselin@lapm.org


    For The Defendant:

    M.J. McCarthy
    Assistant Attorney General
    Federal Bar No. ct00319
    55 Elm Street, PO Box 120
    Hartford, CT  06141-0120
    Tel:  (860) 808-5210
    Fax:  (860) 808-5385
    Email: mj.mccarthy@po.state.ct.us

1

2.      Jurisdiction

The Plaintiff, an employee of the Department of Mental Retardation, brought the Complaint in this matter, pursuant to 42 U.S.C. §1983, alleging that the Defendant, as Commissioner of the Department of Mental Retardation, interfered with her liberty interest in her good name and her property interest in her employment, and violated her right to procedural due process.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Jury/Non Jury

This case is to be tried to a jury.

4.      Length of Trial

Counsel estimate that the trial of this matter would require 2-3 days to present all of the evidence.

5.      Further Proceedings

The parties do not anticipate the need for further proceedings prior to trial, except as to possible motions in limine.

6.      Nature of Case

**PLAINTIFF'S CONTENTIONS**

The plaintiff, Cynthia Welfare, alleges that for a period of seven months in 2001 she was barred from her workplace, threatened with the loss of her employment, career, and sole source of income, and subjected to humiliating and false allegations that she had engaged in abuse or neglect of a DMR client two years earlier while employed by a private employer.  The Defendant justified its

actions by claiming that he was complying with a statutory process referred to as the "DMR Registry." During this time, the Defendant knew or reasonably should have known that the allegations against the Plaintiff were false, and knew or reasonable should have known that the "DMR Registry" process that the Defendant utilized did not meet even the minimal standards of due process or fundamental fairness. Following the plaintiff's return to work from administrative leave, and continuing until on or about July 2, 2003, the plaintiff was not provided with an opportunity to clear her name and continued to work under the threat of termination because of these false allegations.

The Plaintiff alleges in Count One of her Complaint that she suffered a violation of her right to due process in an administrative hearing, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983. The Plaintiff alleges in Count Two that she suffered interference with her property right to employment, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983. The Plaintiff alleges in Count Three that she suffered a deprivation of her liberty interest in her good name, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983.

The Plaintiff seeks injunctive relief, asking the Court to order the Defendant to refrain from any further interference with her rights as secured by the First and Fourteenth Amendments. The Plaintiff also seeks damages to compensate her for the pain, suffering, emotional distress, and physical injuries resulting from emotional distress that were caused by the Defendant's unlawful

conduct. The Plaintiff also seeks punitive damages. Finally, the Plaintiff seeks her attorney's fees and costs pursuant to 42 U.S.C. §1988.

**DEFENDANT'S CONTENTIONS**

The Connecticut legislature enacted Conn. Gen. Stat. § 17a-247a, to establish a registry for former employees terminated because of substantiation of abuse and neglect of clients of the Department of Mental Retardation ("DMR"). DMR's responsibility was to set out the procedures for and enforcement of the new registry statute. The "Registry" statute originally did not include the promulgation of regulations. Believing that regulations were necessary, DMR sought to obtain the necessary legislative amendments in succeeding legislative sessions. The regulation-making process in Connecticut takes a long time and was finally approved for this statute. However, it took DMR some time to set out those procedures to formulate and enact necessary regulations regarding the registry procedures and to train the staff necessary to implement the enactments.

Star Residential Services (SRS) was plaintiff's former employer. SRS' mishandled allegations that the plaintiff had abused or neglected DMR clients. Once SRS was notified by an investigatory agency that it had substantiated that the plaintiff had abused or neglected DMR clients, SRS *should* have notified DMR within five (5) days. However, it took SRS almost a year (from September 1998 until July 1999) to notify DMR. In the meantime, DMR had hired the plaintiff in November 1998, and a timely check revealed that the plaintiff's name was not on the registry. Thus by the time DMR was notified by SRS, the plaintiff had been employed for almost a year. It was not until April 2001 that DMR

discovered that the plaintiff, now a DMR employee, had a substantiation of neglect against her.

In response to this discovery, a registry hearing was held very quickly. While the plaintiff complains that the decisions rendered during the registry hearing violated her due process rights those decisions were made by the independent hearing officer, over whom neither DMR nor the Commissioner had control. The hearing officer preliminarily found that all of the elements necessary to place the plaintiff's name on the registry were established, and therefore, DMR properly prevented the plaintiff from working with DMR clients. In deference to concerns about the efficacy of the SRS investigation, the Commissioner withheld making a final decision on the plaintiff's employment. During this entire period, the plaintiff was on paid administrative leave with full benefits. In November 2001, the Commissioner brought the plaintiff back to work again, without any loss of benefits or status.

The plaintiff complains that the process took too long, but she failed to exhaust her administrative remedies by petitioning the Superior Court to cause the agency to make a decision.

Again, during her administrative leave, the plaintiff received her full salary and benefits. Therefore she fails to make out her prima facie case of denial of procedural due process. At all times, the Commissioner acted in his official capacity, in good faith and without malice. Notably, there is no indication the plaintiff sought any recourse from SRS.

5

7.   Trial by Magistrate Judge

The parties do not object to this matter being tried before a jury and presided over by Magistrate Judge Thomas P. Smith.

8.   List of Witnesses

   A.   For the Plaintiff:

The Plaintiff anticipates that she will call some or all of the following witnesses listed below.  The Plaintiff reserves her right to amend this list if necessary to rebut the testimony of Defendant's witnesses.

**Cynthia Welfare** is the Plaintiff in this matter.  She will testify as to her employment history, training, and background.  She will also testify as to events occurring after she was placed on notice that she would be subject to a DMR Abuse/Neglect Registry hearing.  She will also testify as to her damages.

**Irene Curtain** is the Human Resource Director from Star, Inc., the Plaintiff's prior employer.  Curtin will be called as a F.R.E. §611(c) witness.  Curtain is expected to testify regarding Star's knowledge of the circumstances of the Plaintiff's employment and termination of employment, and Star's reporting of the Plaintiff under DMR registry procedures.

**Kate Groves** is Cynthia Welfare's supervisor in her current position at DMR. Groves will be called as a F.R.E. §611(c) witness.   Groves is expected to testify about Welfare's employment with DMR before, during and after the registry proceedings against Welfare.

**Nancy Block** is a case manager for DMR and served as liaison with Welfare's prior employer, Star Residential Services.  Block will testify as to her

6

knowledge of the operations of Star Residential Services at the time of the Plaintiff's termination of employment.

**Gayle Krantz** is a Division Director for DMR, and was a Clinical Director for DMR during Welfare's employment by Star Residential Services. Krantz will be called as a F.R.E. §611(c) witness. Krantz is expected to testify regarding her knowledge of Welfare's performance and abilities while employed by Star Residential Services, as well as her employment by DMR. Krantz is also expected to testify regarding her knowledge of Star Residential Services at the time of the Plaintiff's employment by that agency.

**Betsy Mossberg** is the Director Human Resources for the DMR South Region. Mossberg will be called as a F.R.E. §611(c) witness. Mossberg is expected to testify about her knowledge of the Plaintiff's prior employment, her employment by DMR, and the enforcement of the registry proceedings against Welfare.

**Laurie Deane** was at the time of the events described in the Complaint an attorney on the staff of the Defendant. Deane will be called as a F.R.E. §611(c) witness. Deane is expected to testify about her knowledge of the development, implementation, enforcement, and amendment of the DMR registry procedures, and of those procedures as they were applied to the Plaintiff.

**Dawn Closs Harris** is a personnel administrator for DMR with responsibility for implementation and enforcement of the registry. Harris will be called as a F.R.E. §611(c) witness. Harris is expected to testify as to implementation of the registry procedures, the enforcement of registry procedures against the Plaintiff.

**Peter O'Meara**, the Commissioner of DMR, is the Defendant in this matter. O'Meara will be called as a F.R.E. §611(c) witness. O'Meara is expected to testify regarding the registry, regulations, and amendments associated with the registry, the history of the creation and implementation of the registry, and the enforcement of the registry procedures against the Plaintiff.

  B.  For the Defendant:

The Defendant anticipates that it may call some or all of the following witnesses listed below, and reserves the right to call any of the witnesses identified by the Plaintiff on her witness list. The Defendant also expressly reserves the right to amend its witness list to call additional witnesses, if necessary to rebut testimony offered by the Plaintiff's witnesses. Defendant further makes no representations about the individual memories of each of the listed witnesses and can only state that it expects that they will be able to testify as indicated.

  1.  Cynthia Welfare, plaintiff, case manager for DMR: The plaintiff is expected to testify regarding her damages and the circumstances surrounding her being placed on administrative leave and her involvement with DMR and the registry.

  2.  Peter O'Meara, defendant, Commissioner of DMR: The Commissioner is expected to testify regarding the registry and regulations associated with the registry and that DRM followed the process set out in the regulations regarding registry hearings.

  3.  Dawn Closs Harris, former Agency personnel administrator for DMR: Ms. Harris is expected to testify as to the administrative procedures

8

involved in this matter, also regarding the registry and its regulations. She will also address personnel matter and the registry hearing.

    4.    Irene Curtain, Human Resource person from plaintiff's successor employer-Star Inc.: Ms. Curtain is expected to testify regarding the plaintiff's personal file.

    5.    Kate Groves, DMR Supervisor of Cynthia Welfare: Ms. Groves is expected to testify about her supervision of Cynthia Welfare and her involvement with personnel matters and the registry.

    6.    Betsy Mossberg, Director Human Resources, DMR South Region: Ms. Mossberg is expected to testify about her involvement with the plaintiff, personnel issues, Star Residential Services and the registry.

The defendant reserves the right to call any witnesses listed by the plaintiff and to add additional witnesses prior to trial and reserves the right to call rebuttal witnesses. To the extent the plaintiff presents any evidence about her claim of damages from her administrative leave, the defendant reserves all rights to call any and all witnesses regarding the claim and the injury underlying the claim.

9.    List of Exhibits

    A.    For the Plaintiff:

001    Memo from Betsy Mossberg to Cynthia Welfare, 4/20/01

002    DMR Notice of Hearing, 5/4/01

003    Investigation Report, 10/14/98

004    Office of Protection and Advocacy form letter (undated)

005    DMR Notice of Termination or Separation, 8/27/99

006    Star Residential Services letter to Cynthia Welfare, 11/12/98

007  Cynthia Welfare resume

008  DMR letter to Welfare, 11/23/98

009  DMR letter to Welfare, 7/2/99

010  Memo from Beth Aura Miller to Betsy Mossberg, 4/23/01

011  DMR letter to Welfare, 8/1/03

012  DMR letter to Welfare, 7/2/03

013  Email from Laurie Deane to Dawn Closs-Harris, 7/1/03

014  DMR letter to Welfare, with draft finding, 6/27/01

015  DMR letter to Welfare, 11/6/01

016  "The DMR Registry"

017  Summary of Evidence: Marie Blain – Cynthia Welfare

018  Transcript of public hearing before Hearing Officer Christine Spak

019  Email from James Welsh to Dawn Closs Harris, 12/30/02

020  DMR/Council on Mental Retardation letter to Richard Blumenthal, 4/02

021  DMR Confidential Notice to Employers, 4/23/01

022  Abuse Neglect Registry Status Report 1/17/02

023  DMR Human Resources Policies, 3/15/01

024  Implementation Plan for Abuse/Neglect Registry, 11/8/00

025  DMR Abuse/Neglect Registry Training on Implementation of Amended Regulations, 7/29/03

026  Cynthia Welfare medical records

027  Defendant's Responses to Plaintiff's Interrogatories

    B.    For the Defendant:

A.  11/12/98 letter from Star Residential Services to Cynthia Welfare

B.  9/3/98 report of Office of Protection and Advocacy of incident and 9/3/98

        Star Residential Services Investigation Report incident by Beth Ann Keefe.

C.     Medical Records of Cynthia Welfare provided by PriMed, Soundview Medical Associates (the medical records submitted to the defendant by the plaintiff)

D.     Cynthia Welfare's personnel file from DMR.

E.     Cynthia Welfare's personnel records from Star Residential Services.

F.     4/20/01 DMR memorandum to Cynthia Welfare regarding administrative leave.

G.     11/6/01 letter to Cynthia Welfare from DMR from Dawn Close Harris.

H.     4/24/01 DMR Notice of Hearing to Cynthia Welfare.

I.     7/26/01 letter from Ms. Welfare's attorney to DMR Commissioner O'Meara.

J.     6/27/01 proposed decision by Hearing Officer's Spak's.

K.     4/23/01 DMR memorandum from Betsy Mossberg to B. Miller.

L.     DMR Payroll records of Cynthia Welfare.

M.     Transcript of Administrative Hearing.

N.     8/27/99 Notice of Termination or Separation to DMR from Star Residential Services regarding Cynthia Welfare.

10.     Trial to Jury

    i.     Proposed voir dire questions

        A.  Plaintiff's proposed voir dire questions are attached as Attachment 1.

        B.  Defendant's proposed voir dire questions

Defendant's proposed voir dire questions will be submitted to the Court separately.

11

    ii.    Proposed jury instructions

        A. Plaintiff's proposed jury instructions are attached as Attachment 2.

        B. Defendant's proposed jury instructions

Defendant's proposed jury instructions will be submitted to the Court separately.

    iii.    Opening statements

Counsel for both parties wish to make opening statements.


        RESPECTFULLY SUBMITTED,

        THE PLAINTIFF:

    By:    _____
        Peter D. Goselin ct16074
        Livingston, Adler, Pulda,
        Meiklejohn & Kelly, P.C.
        557 Prospect Avenue
        Hartford, CT 06105-2922
        Ph: (860) 233-9821
        Fax: 860-232-7818
        Email: pdgoselin@lapm.org


        THE DEFENDANT:

    By:    /S/ M.J. McCarthy
        M.J. McCarthy
        Assistant Attorney General
        Office of the Attorney General
        55 Elm Street, PO Box 120
        Hartford, CT  06141-0120
        Tel:  (860) 808-5210
        Fax:  (860) 808-5385
        Email: mj.mccarthy@po.state.ct.us

## **CERTIFICATION**

I hereby certify that the foregoing Joint Compliance with Pretrial Order was provided to the following parties on this 11th day of March, 2004:

Clerk's Office
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

*(via hand delivery)*

M.J. McCarthy
Assistant Attorney General
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141

*(via first-class U.S. Mail)*

_____
Peter D. Goselin