### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CYNTHIA WELFARE, | : | CIVIL ACTION NO. |
| | : | 3:02CV2101(AVC) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| PETER O'MEARA THE COMMISSIONER OF | : | |
| THE DEPARTMENT OF MENTAL | : | |
| RETARDATION FOR THE STATE OF | : | |
| CONNECTICUT, | : | |
| Defendant | : | October 7, 2005 |

### PLAINTIFF'S MEMORANDUM OPPOSING MOTION FOR PERMISSION
### TO FILE A MOTION FOR SUMMARY JUDGMENT

The Defendant has moved, more than a year after the Court's deadline passed, for permission to file a motion for summary judgment.[1]  Defendant's only explanation for the late request is that the Assistant Attorney General who was originally assigned to this matter was replaced by another Assistant Attorney General in July 2004.  The Plaintiff opposes this motion because the Defendant has failed to show excusable neglect for its failure to move in a timely fashion, and granting the motion would unfairly prejudice the Plaintiff.

Fed.R.Civ.P. 6(b) requires that the Defendant show "excusable neglect" to justify the granting of an expansion of deadlines after those deadlines have run.[2]  The Defendant cannot make such a showing.  Defendant's present legal counsel took over representation of the Defendant in July 2004, while discovery was still proceeding and *three months before* the

---

1  The complaint in this case was filed on November 27, 2002.  The Court's original deadline for filing dispositive motions was June 28, 2003, and that deadline was ultimately expanded to September 30, 2004.  The parties filed their joint trial memoranda on March 11, 2005, and the matter was sent for a settlement conference before Magistrate Judge Smith scheduled for June 22, 2005.  That conference was postponed and has now been rescheduled for February 9, 2006.

2  Fed.R.Civ.P. 6(b) provides, in pertinent part: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

deadline for filing dispositive motions.  Defendant's counsel was plainly in a position to seek an expansion of the deadline for dispositive motions before it ran on September 30, 2004.

Even so, Plaintiff's counsel corresponded with the Defendant in November 2004 and discussed the possibility that the Defendant would seek to file a motion for summary judgment out of time.  Defendant's counsel never answered that letter, and did not seek the Court's permission until the instant motion, a full *eleven months* later.  (See Letter from Attorney Goselin to Attorney McCarthy, 11/4/04, attached hereto.)  There is no evidence that the Defendant's failure to seek more time to file a dispositive motion was the result of any excusable neglect.  This is a sufficient basis for the Court to deny the Defendant's motion.

The parties complied with the Court's order to submit a joint pre-trial memorandum on March 11, 2005.  The Defendant has had the benefit of reviewing the Plaintiff's pre-trial preparations, including lists of exhibits, lists of witnesses, proposed jury instructions, etc, and wishes to seek summary judgment first, instead.  Granting the Defendant's motion would unfairly prejudice the Plaintiff by allowing the Defendant to learn the Plaintiff's overall trial strategy before having to make the decision whether to seek summary judgment.[3]  Moreover, far from promoting judicial efficiency, as the Defendant argues, granting his motion would be grossly inefficient because the parties have already undertaken trial preparations that – at least from the Defendant's perspective – would be unnecessary if a motion for summary judgment had been timely filed.

The Defendant has not made any showing of excusable neglect to support its motion for permission to file a motion for summary judgment more than a year after the deadline for dispositive motions has passed.  The Plaintiff would be unfairly prejudiced by granting the

---

3  There is also considerable irony in Defendant's instant motion.  The essence of the Plaintiff's complaint in this matter is that the Defendant violated her constitutional rights by engaging in repeated and completely arbitrary delays in the handling of an alleged complaint of neglect against the Plaintiff under the Defendant's "DMR Registry" regulations.  These delays caused the Plaintiff to live under constant threat of a loss of employment and career for more than two years – because of an alleged complaint against her that the Defendant had already failed to act upon for two and a half years!

Defendant's motion, and no useful purpose would be served.  The Plaintiff respectfully requests that the Court deny the Defendant's motion.

THE PLAINTIFF,

By:    _____
Peter Goselin ct16074
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105
(860) 233-9821

## <u>CERTIFICATE OF SERVICE</u>

This hereby certifies that Plaintiff's Memorandum Opposing Motion For Permission To File A Motion For Summary Judgment has been mailed,  first-class mail, postage pre-paid, on this 7th day of October 2005 to all counsel of record as follows:

M. J. McCarthy
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120


_____
Peter Goselin